J-S14013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHAL KENNEDY, SR. :
:
Appellant : No. 193 EDA 2018

Appeal from the PCRA Order December 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015289-2009

BEFORE: LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY LAZARUS, J.: **FILED APRIL 24, 2019**

Chal Kennedy, Sr., appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. After careful review, we affirm.

Over the course of two hours on August 17, 2009, Kennedy and his son, Chal Kennedy, Jr., broke into Kahim Welton's home, where the Kennedys held Welton, his partner Takia Nichols, and their three sons at gunpoint. The police arrested both Kennedys at Welton's home after a pedestrian told nearby officers about the home invasion. On September 17, 2012, Kennedy made an oral request to represent himself at trial, which was subsequently granted. Appointed counsel, Robert Dixon, Esquire, continued as standby counsel. On October 23, 2013, the jury found Kennedy guilty of five counts of robbery, five counts of unlawful restraint, five counts of false imprisonment, one count

_____

* Retired Senior Judge assigned to the Superior Court.

of aggravated assault, one count of burglary, one count of possession of an instrument of crime, one count of criminal conspiracy, and three violations of the Uniform Firearms Act.[1]  On December 17, 2013, the Honorable Genece E. Brinkley sentenced Kennedy to an aggregate term of 50 to 100 years' incarceration.

With the assistance of appellate counsel, Kennedy timely filed post-sentence motions, which were denied by operation of law on April 22, 2014, and a timely notice of appeal and a Pa.R.A.P. 1925(b) statement of matters complained of on appeal.  This Court affirmed his judgment of sentence on March 22, 2016, and on August 17, 2016, our Supreme Court denied his petition for allowance of appeal.  **Commonwealth v. Chal Kennedy, Sr.**, 1262 EDA 2014 (Pa. Super. March 22, 2016); *allowance of appeal denied*, 145 A.3d 724 (Pa. 2016) (Table).

On April 17, 2017, Kennedy timely filed a *pro se* PCRA petition.  The PCRA court subsequently appointed Murray G. Dolfman, Esquire, as PCRA counsel.  On July 7, 2017, Attorney Dolfman filed a **Turner**/**Finley**[2] letter stating the issues raised by Kennedy were without merit and no other meritorious issues could be raised.  On July 21, 2017, the PCRA court requested further information from Attorney Dolfman concerning Kennedy's

---

[1] Namely, carrying a firearm without a license, possession of a firearm with manufacturer label altered, and carrying a firearm as a person not to use or possess firearms.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

claims that the Commonwealth violated Pa.R.Crim.P. 600. On November 30, 2017, following Attorney Dolfman's response, the PCRA court sent Kennedy notice under Pa.R.A.P. 907 indicating his petition would be dismissed, to which Kennedy replied on December 18, 2017. On December 20, 2017, after an independent review of Kennedy's *pro se* petition, Attorney Dorfman's *Turner*/*Finley* letter, and Kennedy's reply to the PCRA court's Rule 907 notice, the PCRA court granted counsel's motion to withdraw and dismissed Kennedy's petition for lack of merit.

Kennedy timely filed the instant appeal, in which he raises the following issues:

1) Was appellate counsel ineffective in failing to properly argue the trial court's violation of speedy trial and misconduct?

2) Was counsel ineffective in failing to object and pursue the Commonwealth's misconduct through perjury, ambushing, and violating discovery?

3) Was counsel ineffective in refusing to carry out his duties as post-conviction counsel?

4) Did the Commonwealth's attorney ambush petitioner with an 11th hour witness?

5) Did the trial court engage in misconduct in accepting a deficient *Turner*/*Finley* letter and[] in dismissing the petition without review of petitioner's answer/response?

6) Did the trial court err, abuse its discretion and violate double jeopardy at sentencing?

Brief of Appellant, at 1.

Initially, we note several of Kennedy's claims are not properly before this Court. His second and fourth claims, concerning the effectiveness of trial counsel, were waived when Kennedy elected to represent himself with the assistance of standby counsel at trial. *See Commonwealth v. Fletcher*, 986 A.2d 759 (Pa. 2009) ("The law is clear that a defendant cannot allege his own ineffectiveness or that of standby counsel."). His sixth claim is waived because Kennedy failed to provide any explanation of his argument beyond the statement of questions involved. *See Commonwealth v. Phillips*, 141 A.3d 512, 522 (Pa. Super. 2016) ("[I]ssues raised in a [b]rief's [s]tatement of [q]uestions [i]nvolved but not developed in the [b]rief's argument section will be deemed waived.").

His remaining arguments challenge the effectiveness of appellate and PCRA counsel. Consequently, we review his claims as follows:

> Our standard of review is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding
>
> To be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances set forth at 42 Pa.C.S. § 9543(a)(2)[.] Additionally, the petitioner must demonstrate that the issues raised in his PCRA petition have not been previously litigated or waived. An issue has been previously litigated if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue.

- 4 -

*Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012) (citations and quotations omitted). To prove ineffective assistance of counsel, a PCRA petitioner must show: 1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012). "If a petitioner fails to plead or meet any element of the above-cited test, his claim must fail." *Id.*

In his first argument, Kennedy asserts appellate counsel was ineffective for failing to pursue his Rule 600 claim in this Court. However, he does not argue any of the three above-mentioned prongs, all of which are required to prove ineffective assistance of counsel. Consequently, his claim fails.[3] *See Commonwealth v. Bracey*, 795 A.2d 935, 940 n.4 ("[A]n undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy [a]ppellant's burden of establishing that he is entitled to any relief."). In his third claim, Kennedy asserts the ineffectiveness of PCRA counsel. However, as discussed above, Kennedy has not raised any valid claims implicating the

_____

[3] Instead of focusing his argument on appellate counsel's conduct or the three-pronged test for ineffectiveness, Kennedy focuses on the merits of the underlying claim, alleging the trial court improperly shifted the burden of proving a Rule 600 violation onto him. Brief of Appellant, 6–10. This issue, however, was litigated on direct appeal. *See Kennedy, Sr.*, *supra* at 19–22. We found Kennedy failed to present this challenge to the trial court while representing himself. *Id.* at 22. Moreover, with respect to the merits of the issue, we stated, "the trial court did not reverse the burdens of production and persuasion; but rather, required Appellant to develop his motion and identify periods of time relevant to a Rule 600 analysis." *Id.*

- 5 -

effectiveness of either trial counsel or appellate counsel. PCRA counsel, therefore, cannot be deemed ineffective for failing to pursue meritless claims. *See Commonwealth v. Ryland*, 55 A.3d 1177, 1190 (Pa. Super. 2012) ("In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective, did, in fact, render ineffective assistance of counsel.").

Kennedy's fifth and final remaining claim pertains to the PCRA court accepting PCRA counsel's *Turner*/*Finley* letter. The procedure for withdrawal of court-appointed PCRA counsel requires proof of the following:

1) A "no-merit" letter compiled by PCRA counsel detailing the nature and extent of his review;

2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3) The PCRA counsel's "explanation"[] in the "no-merit" letter[] of why the petitioner's issues were meritless;

4) The PCRA court conducting its own independent review of the record; and

5) The PCRA court agreeing with counsel that the petition was meritless.

*Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). Additionally, PCRA counsel must provide petitioner with a copy of the "no-merit" letter and inform the petitioner that he has a right to proceed *pro se* or with the assistance of privately-retained counsel. *Commonwealth v. Friend*, 896 A.2d 607, 615 (Pa. Super. 2006), *abrogated in part* by *Pitts*, *supra*.

We find the PCRA court and Attorney Dolfman complied with the above-listed requirements for withdrawing as PCRA counsel. Attorney Dolfman filed a no-merit letter on July 7, 2017. The PCRA court thoroughly examined both the no-merit letter and Kennedy's claims, going so far as to require a supplementary filing containing further analysis of Kennedy's Rule 600 claim. Ultimately, after review of Kennedy's *pro se* petition, Attorney Dolfman's primary and supplementary filings, and Kennedy's reply to the PCRA court's Rule 907 notice, the PCRA court found all of Kennedy's claims meritless. We agree, and therefore, affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/19